UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEREK BELL,**

    Plaintiff,

v.                                            Case No. 8:10-cv-2835-T-30TBM

**TAMPA BAY DOWNS, INC.,** a Florida
profit corporation; **PETER N. BERUBE,**
individually and in his official capacities as
Vice President and General Manager of
Tampa Bay Downs, Inc.;
**THOROUGHBRED RACING
PROTECTIVE BUREAU, INC.,** a New York
domestic business corporation; **FRANKLIN
J. FABIAN,** individually and in his official
capacity as President, Thoroughbred Racing
Protective Bureau, Inc.; **JOHN DOE,**
individually and in his official capacity as
agent of the Thoroughbred Racing Protective
Bureau, Inc.,

    Defendants.
_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon the Defendants' Motions to Dismiss (Dkts. #25, #25) the First Amended Complaint (Dkt. #18). Upon consideration, the Court concludes that the Motions should be granted in part and denied in part.

Plaintiff, a professional thoroughbred horse racing jockey, rode horses at Tampa Bay Downs, Inc. and other horse tracks around the country. He possessed an occupational license issued by the State of Florida. In his Amended Complaint, he alleges that the Defendants

unjustifiably and without reason accused Bell of being involved in fixing a horse race, and, on December 19, 2006, banned Bell from riding at Tampa Bay Downs. Bell further alleges that this ban was issued without a hearing or any due process.

Bell asserts three causes of action in his Amended Complaint:

(1)  Count one for tortious interference,

(2)  Count two for a violation of his constitutional right of due process pursuant to 42 U.S.C. § 1983, and

(3)  Count three for injunctive relief requiring Defendants to reinstate his riding privileges at Tampa Bay Downs.

Defendants move to dismiss all three counts.

Defendants contend the tortious interference count should be dismissed because: Plaintiff had no existing contractual rights in place, only the hope of future employment, any interference would have been qualifiably privileged as justified because of the business relationship between Tampa Bay Downs and the owners and trainers, and that as a private enterprise, Tampa Bay Downs has the right to exclude anyone it chooses from its property. This portion of Defendants' Motions to Dismiss will be denied.

The required elements of a tortious interference claim under Florida law has been described in *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So.2d 812, 814-815 (Fla. 1994) as follows:

> The elements of tortious interference with a business relationship are "(1) the existence of a business relationship ... (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *Tamiami Trail Tours, Inc. v. Cotton*, 463 So.2d

1126, 1127 (Fla. 1985). A protected relationship need not be evidenced by an enforceable contract. *Id.* However, "the alleged business relationship must afford the plaintiff existing or prospective legal or contractual rights." *Register v. Pierce*, 530 So.2d 990, 993 (Fla. 1st DCA 1988).

\* \* \*

In Florida, a plaintiff may properly bring a cause of action alleging tortious interference with present or prospective customers but no cause of action exists for tortious interference with a business's relationship to the community at large. *Southern Alliance Corp. v. Winter Haven*, 505 So.2d 489, 496 (Fla. 2d DCA 1987). As a general rule, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered.

The Amended Complaint sufficiently alleges existing (see paragraph 38) and prospective contractual rights.

Defendants do indeed enjoy a qualified privilege to interfere with the business relationships of jockeys that ride at Tampa Bay Downs. But where such a qualified privilege exists, a plaintiff may still recover if he can prove express malice. Here, Plaintiff has alleged malice on part of the Defendants including the allegations that Defendants issued the ban without reason. Acting without reason or investigation may be sufficient to indirectly prove malice. *McCurdy v. Collis*, 508 So.2d 380 (Fla. 1st DCA 1987). For the foregoing reasons, Defendants' Motions to Dismiss Plaintiff's tortious interference claim will be denied.

**Claim for § 1983 Damages (Count Two) and Injunctive Relief (Count Three)**

Plaintiff's Amended Complaint does not fare as well where Counts two and three are concerned.

The parties agree that to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts showing that a defendant acted under color of state law. Section 1983 does not cover private conduct, no matter how discriminatory, except where:

(1) private actors are performing functions that are traditionally the exclusive perogative of the state (the "public function test"),

(2) constitutional violations are coerced or significantly encouraged by the government (the "state compulsion test"), and

(3) the state has so far incinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise (the "nexus-joint action test").

While Plaintiff attempts to allege that all three tests are met in this case, the undisputed facts contained in the Amended Complaint clearly show to the contrary.

Even though the State regulates and controls pari-mutuel wagering in Florida, that does not abrogate the common law right of pari-mutuel enterprises to exclude persons with whom they choose not to do business from their property. *Winfield v. Noe*, 426 So.2d 1148 (Fla. 3d DCA 1983); *Fulton v. Hect*, 580 F.2d 1243 (5th Cir. 1978).[1] The *Fulton* case involved an action brought by the racer of greyhounds against owners and managers of the dog track. The court held that the dog track could refuse to enter into a contract or to maintain a business relationship terminable at will for any reason sufficient to the dog track.

---

[1] This Court is bound by the decisions of the Fifth Circuit entered before the Eleventh Circuit was created in 1981. In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

Plaintiff's allegations that the Florida legislature has reserved to the state the exclusive right to exclude licensees, such as jockeys, from race tracks is misplaced. Tampa Bay Downs neither issues nor revokes licenses. That is strictly a state matter and it is only the state that is required to have a hearing prior to taking an action concerning a jockey's license. For the foregoing reasons, the Amended Complaint fails to state a cause of action under 42 U.S.C. § 1983 and Counts two and three will be dismissed.

## Conclusion

Therefore, it is ORDERED AND ADJUDGED that:

1. Defendants Thoroughbred Racing Protective Bureau, Inc. and Franklin J. Fabian's Motion to Dismiss (Dkt. #24) is denied as to Count One and granted as to Counts Two and Three.

2. Defendants Tampa Bay Downs, Inc. and Peter N. Berube's Motion to Dismiss (Dkt. #25) is denied as to Count One and granted as to Counts Two and Three.

**DONE** and **ORDERED** in Tampa, Florida on December 21, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-2835.mtd 24 25.frm